THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID GARCIA and SERGIO SEATON, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § § | |
| v. | § § | CIVIL ACTION NO.: 5:12-CV-00703 |
| CHAMPION GLASS, LLC, RAYMOND LUNA, DAVID A. LUNA, and JOSEPH A. LUNA, | § § § § § § | JURY DEMANDED |
| Defendants. | § § § § | |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, David Garcia, Sergio Seaton Individually and on Behalf of all Others Similarly Situated (collectively "Plaintiffs") files this Reply to Defendants' Response in Opposition to Plaintiffs' Motion for Conditional Certification ("Motion") and respectfully show as follows:

### I. NATURE AND STATE OF PROCEEDINGS

Plaintiffs filed this suit seeking unpaid overtime pay due under the Fair Labor Standards Act ("FLSA"). On September 27, 2012, Plaintiffs timely filed their Motion for Conditional Certification [Doc. No. 25]. Through their motion, Plaintiffs seek an order granting conditional certification, as well as the issuance of notice to all potential opt-in plaintiffs. Plaintiffs and all

1

those similarly situated were construction workers who were employed by Defendants. It is undisputed that Plaintiffs and those similarly situated were paid on an hourly basis and performed manual labor. Defendants do not dispute that these workers are all non-exempt. Plaintiffs' motion seeks to provide notice to all those employees who were not compensated for all hours worked. Regardless of the employees' and potential plaintiffs' title or position, Plaintiffs seek to provide notice to all employees who were affected by the same pay policy established by the Defendants.

## II. ARGUMENT AND AUTHORITIES

### A. Plaintiffs Have Satisfied Their Burden Under *Lusardi*

Though the Fifth Circuit has not yet adopted a specific test for collective action certification under 29 U.S.C. § 216(b), the federal courts, including the Western District predominantly use the analysis set forth in *Lusardi v. Xerox Corp.,* 118 F.R.D. 351 (D.N.J. 1987). *See, Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1212 (5th Cir. 1995)*, overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *Detho v. Bilal,* C.A. No. H-07-2160, 2008 WL 1730542 (S.D. Tex. Apr. 10, 2008); *Bernal v. Vankar Enterprises, Inc.,* C.A. No. SA-07-CA-695-XR, 2008 WL 791963 (W.D. Tex. Mar. 24, 2008). Under *Lusardi,* the court's determination at the notice stage is usually based solely on the pleadings and affidavits submitted. *Mooney,* 54 F.3d 1207 at 1213. "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class." *Id.* at 1213 (internal quotations omitted). In fact, all that is required at the notice state is substantial allegations that the putative class members were victims of a single decision, policy, or plan that is alleged to violate the FLSA. *Id.* at 1214. Here, Plaintiffs have satisfied their burden and set forth ample allegations demonstrating they were victims of a single policy or plan that violates the FLSA and that a class of similarly situated employees exists. To wit, each plaintiff alleges that his work day began at or around 6:30 am and ended at or around 4:00 pm or 4:30 pm. Further, each plaintiff alleges that regardless of the hours actually worked, Defendants would only record and compensate him for the work performed between 7:00 am and 3:30 pm, minus a half hour allotted for lunch.

**B. Plaintiffs' Evidence is Sufficient to Prove Similarly Situated Employees Exist**

Not only is there sufficient evidence of a single policy or practice, but there is also ample evidence that similarly situated employees exist. Ten declarations were filed in support of Plaintiffs' motion. Each declaration demonstrates that other aggrieved employees exist by naming other employees who worked over forty hours per week and did not receive overtime compensation. At the lenient conditional certification stage, these "are a perfectly acceptable method of proof" that other employees would wish to join the lawsuit if they knew of it. *Albanil v. Coast 2 Coast, Inc.,* Civil Action No. H-08-486, 2008 WL 4937565, at *6 (S.D. Tex. Nov. 17, 2008). Additionally, the fact that over ten individuals joined this action after the filing of the complaint serves as credible evidence that the aggrieved individuals exist, those individuals want to opt-in, and a class does exist. *Id.* at *5-6; *Bernal,* 2008 WL 791963 at *4; *Shaffner v. Cash Register Sales & Serv. Of Houston, Inc.,* 2006 WL 1007542, *1 (S.D. Tex. April 17, 2006).

Determination of an FLSA collective action is appropriate when there is "a demonstrated similarity among the individual situations . . . some factual nexus which binds the plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]. *Cain v. Helmerich & Payne Int'l Drilling Co.,* 1992 U.S.Dist. LEXIS 5367 at *2 (E.D. La. April 16, 1992) (certifying a class of workers who were required to perform work before and dafter their paid shifts). Essentially, a court will decertify the class if "the action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice." *Burt v. Manville Sales Corp.,* 116 F.R.D. 276, 277 (D.Colo. 1987); *see also Helmerich,* 1992 U.S.Dist. LEXIS 5367 at *2. Though Plaintiffs must show that they are "similarly situated," this does not mean that they must show that they are "identically situated." *Basco v. Wal-Mart Stores, Inc.,* No. 00-3184, 2004 WL 1497709 (E.D.La. July 1, 2004). Here, Plaintiffs have more than met their burden. The allegations set forth by Plaintiffs and supported by sworn declarations indicate that these hourly paid construction workers were all forced to work in excess of forty hours per week and Defendants did not pay them overtime compensation. The workers were all subjected to the same time and record keeping system and were all subjected to having their time shorted on a daily and weekly basis by Defendants.

## C. Defendants' Affidavits are Insufficient to Defeat Conditional Certification

In response to Plaintiffs' Opposed Motion for Notice and Conditional Certification, Defendants have proffered the affidavits of Raymond Luna and Joseph Luna. These affidavits were submitted in an attempt to rebut Plaintiffs assertions regarding Defendants' FLSA violations. It is well settled however, that "[n]either stage of certification is an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations." *McKnight v. D.Houston, Inc.,* 756 F.Supp.2d 794, 802 (S.D. Tex. 2010). "At [the notice stage], courts generally refuse to consider a defendant's arguments on the merits." *Ghandi v. Dell, Inc.,* 2009 WL 1940144, at *3 (W.D. Tex. 2009). Instead, the question of conditional certification is appropriately based on Plaintiffs declarations and allegations. *See, Mooney,* 54 F.3d at 1213-14. Thus, Defendants' attempt to controvert Plaintiffs declarations with the affidavits of interested witnesses is insufficient to defeat conditional certification.

## D. The Potential Class is not Overbroad

### 1. Differences in Job Titles are Irrelevant

Defendants allege that the fact that some Plaintiffs and putative class members performed various types of manual labor somehow defeats conditional certification. This argument however, is baseless and a red herring. Here, Plaintiffs are seeking to notice all of the employees that were not compensated for all hours worked—essentially all potential plaintiffs affected by the same policy and practice established by Defendants. Plaintiffs need only show that potential class members "were affected by a common policy, plan, pattern, or practice to satisfy the 'similarly situated' inquiry." *See, Gibson v. NCRC, Inc.,* No. H-10-1409, 2011 WL 2837506, at *4 (S.D. Tex. July 18, 2011).

Typically, differences in job functions are only relevant to the extent that those differences would permit one worker to be exempt under the FLSA while another worker would be non-exempt, requiring an individual analysis of job duties. In fact, some courts have even noted that "[a] common policy is not necessarily required and uniformity is clearly not necessary." *Perez v. Guardian Equity Mgmt., LLC,* No. H-10-0196, 2011 WL 2672431, at *6 (S.D.Tex. July 7, 2011). Here, in Defendants' effort to distinguish the construction workers as either "New Construction Workers" or "Service Workers," none of the job duty descriptions provided would place any

4

employee under an exempt status. In actuality, all of the members of the potential class would be manual labor employees who are paid on an hourly basis. The fact that some of these construction workers work at different job sites is completely irrelevant to the conditional certification issue. Again, under § 216(b), "similarly situated" does not mean "identically situated." *See Basco v. Wal-Mart Stores, Inc.,* No. 00-3184, 2004 WL 1497709 (E.D.La. July 1, 2004); *Riojas v. Seal Produce, Inc.,* 82 F.R.D. 613, 616 (S.D. Tex. 1979). Instead, "'[t]he similarly situated' requirement of §216(b) is more elastic and less stringent that the requirements found in Rule 20 (joinder) and Rule 42 (severance) [, so] a unified policy, plan, or scheme of discrimination may not be required to satisfy . . . § 216(b).'" *Perez,* 2011 WL 2672431, at *6 (quoting *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1095 (11th Cir. 1996); *see also Black v. Settlepou, P.C.,* No. 3:10-CV-1418-K, 2011 WL 609884, at *4 (N.D. Tex. Feb. 14, 2011). Even so, it is undisputed that these hourly wage earners are all workers who performed manual labor providing construction services. "Slight differences in job duties or functions do not run afoul of the similarly situated requirement." *Tolentino v. C & J Speck-Rent Servs., Inc.,* 716 F.Supp.2d 642, 651 (S.D. Tex. 2012).

### 2. The Potential Class Should not be Limited as Defendants Propose

As discussed above, though Plaintiffs and potential class members could be categorized as either Service Workers or New Construction Workers, this difference in titles is irrelevant when all of the workers were hourly wage earners performing manual labor providing construction services. To the extent that the court determines Plaintiffs' proposed class should be more clearly defined, Plaintiffs' offer the following proposal that clarifies its original class definition:

> All persons who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at any business that was owned, operated, and/or acquired by Defendants, who was paid on an hourly basis and performed manual labor providing construction services.

### E. Plaintiffs' Proposed Notice is Appropriate

Generally, "plaintiffs should be allowed to use the language of their choice in drafting the notice." *See e.g., King v. ITT Continental Baking Co.,* No. 84 C 3410, 1986 WL 2628, at *3 (N.D. Ill. Feb. 18, 1986). Courts have also recognized that the notice, although approved by the Court, is considered a communication from the plaintiffs to other prospective class members. *Id.*

"Therefore, although the Court has both the power and the duty to ensure that the notice is fair and accurate, that power should not be used to alter plaintiff's notice unless such alteration is necessary." *Id.*

Here, no alteration is necessary. Not only is the proposed notice factually accurate, but nearly identical notices have been approved by Courts in the past. *See e.g., Barajas v. Acosta,* No. H-11-3862, 2012 WL 1952261, at *5 (S.D. Tex. May 30, 2012). Moreover, Defendants failed to provide the Court with any alternative proposed notice or alternative language which they deem appropriate. Accordingly, the Court should grant the notice proposed by Plaintiffs

### III. CONCLUSION

The evidence demonstrates that conditional certification is appropriate at this stage. To facilitate the purposes of the FLSA's collective action provisions, the Court should authorize a Court-approved notice to be issued by Plaintiffs to potential plaintiffs. The Court should further require Defendants to provide the last known names and addresses for all current and former employees within the potential class. Plaintiffs ask that the Court order Defendants to produce this information within seven (7) days of granting this motion. Plaintiffs' propose the notice attached as Exhibit A, and request an opt-in period of forty-five (45) days. Plaintiffs further request any additional relief to which they may be entitled.

Respectfully Submitted,

kennard law P.C.

_____
Lance C. Blankenship
Texas Bar No. 24040534
Alfonso Kennard, Jr.
Texas Bar No. 24036888
85 N.E. Loop 410, Suite 603
San Antonio, Texas 78216
(210) 314.5688
(210) 314.5687 fax
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of Plaintiffs' Reply to Defendants' Response in Opposition to Plaintiffs' Motion for Conditional Certification was served in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court to the following counsel of record on this the 12th day of November, 2012:

    Ms. Nina Mankekar Pandya
    ROSENBLATT LAW FIRM
    16719 Huebner Road, Bldg. 1
    San Antonio, Texas 78248

                                              Lance C. Blankenship