UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DAVID GARCIA and SERGIO          *
SEATON, INDIVIDUALLY and on      *
BEHALF OF ALL OTHERS SIMILARLY*
SITUATED,                        *
                                 *
          Plaintiffs             *
                                 *
     v.                          * CIV. NO. SA-12-CA-0703-FB
                                 *
CHAMPION GLASS, LLC, RAYMOND     *
LUNA, DAVID A. LUNA, and         *
JOSEPH A. LUNA,                  *
                                 *
              Defendants.        *

### MEMORANDUM AND RECOMMENDATION

Before the Court is plaintiffs', David Garcia and Sergio Seaton, on behalf of themselves and all others similarly situated, motion for conditional certification.  (Docket nos. 25 and 28). Defendants, Champion Glass, LLC, Raymond Luna, David A. Luna, and Joseph A. Luna, have responded.  (Docket no. 27).  Upon consideration of the motion, response, and applicable law, the Court believes plaintiffs' motion should be **GRANTED in part** and **DENIED in part**.

### BACKGROUND

Defendant, Champion Glass, LLC ("Champion" or "the Company"), is a commercial sub-contractor enterprise based at 807 Roosevelt Ave., San Antonio, Tx. 78210; it is owned and operated by defendants Raymond Luna, David A. Luna, and Joseph A. Luna. Champion provides a variety of construction-related services

involving both new construction and repair services in the San Antonio and surrounding areas.

Plaintiffs, who were employed by defendants to work at several construction sites, allege in their complaint that defendants "control, or have the authority to control, the terms and conditions of employment for the Plaintiffs and similarly situated employees, including their hours and pay" and further, "own or control the locations where Plaintiffs and similarly situated employees work and provide their tools and equipment." (Docket no. 1, pg. 4). Plaintiffs further allege that they regularly worked in excess of forty hours each week but defendants failed to pay them for overtime, and also failed to pay them for work related travel time, preparation, and clean up activities. Finally, plaintiffs allege that "many other workers employed by Defendants over the last three (3) years (collectively, "the Workers") that are similarly situated have been victimized by Defendants' violations of the FLSA." (Id., pg. 5).

In this motion, plaintiffs request conditional certification of this case as a collective action pursuant to the Fair Labor Standards Act, **29 U.S.C. § 201, et seq.** Plaintiffs state that to date, thirteen individuals have joined this action providing similar accounts, and that plaintiffs have also identified other individuals similarly situated who may be interested in joining this lawsuit if they are provided with notice of this suit. In

2

support of their motion, plaintiffs have attached the sworn declarations of ten individuals who state they are or were employed by the defendant.  These declarations further provide, for the most part, that: 1) the declarants worked for Champion doing general construction work[1] and were paid an hourly wage; and 2) that although the declarants worked Monday through Friday from 6:30 a.m. until 4:00 p.m., Champion only recorded their time from 7:00 a.m. until 3:30 p.m.  Additionally, the declarants assert that they are aware of other workers, similarly situated, who were employed by Champion and paid on a weekly basis but did not receive overtime pay for hours worked in excess of forty hours a week.  Plaintiffs request that notice be issued to all current and former employees of Champion Glass, LLC, for the last three years.[2]

## APPLICABLE LAW

In determining whether to certify a collective action pursuant to 29 U.S.C. § 216(b), the Court employs the two-stage test set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995) (overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539

---

[1]Sergio Seaton does not state that he is employed doing general construction work but rather, that his duties involve glazing, welding and mechanic work with glass materials.

[2]Although defendants maintain that plaintiffs seek conditional certification of "an unsubstantiated class that encompasses all current and former employees since the start of the company," which was founded in 2004, plaintiffs' notice is limited to the three years preceding this lawsuit. (Docket no. 25, exh. A).

U.S. 90, 90-91 (2003)); *see also Vallejo v. Northwest I.S.D.*, No. SA-12-CV-270-XR, 2012 WL 5183581 (W.D. Tex. Oct.17, 2012)(explaining that while the Fifth Circuit has not adopted a specific test for determining whether to certify a collective action under 29 U.S.C. § 216(b), the "prevailing analysis" used by federal courts is the *Lusardi* two-stage test"); *Vargas v. HEB Grocery Co., LP*, No. SA-12-CV-116-XR, 2012 WL 4098996 (W.D.Tex. Sept. 17, 2012). In *Mooney*, the Fifth Circuit explained the *Lusardi* analysis as follows:

> The first determination is made at the so-called 'notice stage.' At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.

> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class. If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.' The action proceeds as a representative action throughout discovery.

> The second determination is typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives-i.e. the original plaintiffs-proceed to trial on their individual claims.

*Mooney*, 54 F.3d at 1214.

The potential class must be "similarly situated" to the named plaintiff(s) in order for the Court to find that conditional certification is appropriate.  To make this determination, the Court looks only to the pleadings and affidavits.  *Mooney*, 54 F.3d at 1214.  "The 'decision to create an opt-in class under §126(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the District Court.'" *Rousseau v. Frederick's Bistro, LTD*, No. SA-09-CV-651-XR, 2010 WL 1425599, at *2 (W.D. Tex. April 7, 2010)(*quoting* *Wajcman v. Hartman & Tyner, Inc.*, No. 07-61472-CIV, 2008 WL 203579, at * 1 (S.D.Fla. Jan.23, 2008).  Further, the standard for determining whether the potential class plaintiffs are "similarly situated" is a lenient one and, generally, the request for conditional certification is granted. *Mooney*, 54 F.3d at 1214; *see also Vallejo*, 2012 WL 5183581, at *2. As the Fifth Circuit noted in *Mooney*, "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Mooney*, 54 F.3d at 1214, n.8 (*quoting* *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988).

## DISCUSSION

Defendants oppose plaintiffs' motion, maintaining that because Champion employs approximately fifty people in various positions, both exempt and non-exempt, that can be categorized as "office" and "field," that the potential class is overbroad.   Further, defendants argue that the potential class members are not similarly situated and were not victims of a single decision, policy, or plan that violated the FLSA.   More specifically, defendants state that "office employees" include executives, an office manager, an accounts payable/receivable clerk, an estimator, and a secretary, while "field employees" include supervisory field employees, such as the project manager and shop foreman, in-house fabricators, and the on-site laborers, such as the service worker, service helper, new construction lead man, and new construction worker.   Defendants seek to further differentiate their field employees by maintaining that the duties of the service worker and service helper differ from those of a new construction lead man and new construction worker.

Defendants submit the affidavits of defendants, Raymond and Joseph Luna, who generally state that the job duties of their employees vary from position to position, that field employees are reminded weekly and monthly to make corrections to their time sheets, and that Champion has a travel policy wherein it provides, on a voluntary basis, free transportation to its employees

6

traveling to and from remote job-sites.  Defendants also contend that plaintiffs' allegations that they were entitled to overtime pay lack merit because plaintiffs are given an opportunity to make corrections on their time sheets but did not, and further, that although plaintiffs must arrive before their shift to avail themselves of the free transportation offered by the Company, company transportation to and from job sites is completely voluntary.  Defendants submit excerpts from the Company's Employee Handbook that also provides that employees are required to initial their time sheets on a daily basis and have until 8:00 a.m. on Wednesday of any week to request corrections to the previous week's time sheet.  Additionally, the handbook provides that "[e]mployees, other than drivers, are not paid travel time to their first job or back from their last job on any given day" and that the company provides free transportation on a voluntary basis.

The question of whether to conditionally certify a class at the notice stage is resolved by reviewing plaintiffs' pleadings and any affidavits, rather than by attempting to resolve defendants' arguments on the merits.  ***Mooney***, 54 F.3d at 1214; ***see also Gandhi v. Dell, Inc.***, No. 08-CV-248, 2009 WL 1940144, *3 (W.D. Tex. Oct. 20, 2009).  Further, it is governed by a lenient standard which the Court believes, upon consideration of the pleadings and the affidavits, that plaintiffs have met here with respect to defendants' field workers.  ***Mooney***, 54 F.3d at 1214.  Plaintiffs,

who are all field workers, allege that though they regularly worked over forty hours a week, "all of the Employees' time records were recorded by their supervisor to reflect only forty hours a week." Plaintiffs further state that no matter how many hours they logged, or how long they worked each day, Champion only recorded their time from 7:00 a.m. to 3:30 p.m.  Thus while defendants contend that employees are required to initial their time sheets on a daily basis and make corrections if needed, ultimately, defendants had control over the number of hours recorded.

Plaintiffs have not, however, met their burden with respect to defendants' office employees.  A review of the pleadings and the affidavits submitted in support of plaintiffs' motion for conditional certification reflects no indication that any of the Company's office workers performed the same job duties as the plaintiffs or were otherwise not compensated for hours worked in excess of 40 hours a week, travel time, or for preparation, and clean up activities.  Here, the named plaintiffs are all field employees rather than office employees, who appear to have in common general job duties and requirements.  Indeed, plaintiffs' allegations and declarations reflect that the violations complained of pertain to employees who "work[ed] at several *construction sites* in and around the San Antonio and New Braunfels areas" that were controlled by the defendants, and who were *provided tools and equipment*, that were provided by the defendants.  These allegations

would appear to be limited to defendants' field employees, rather than defendants' office employees. Plaintiffs appear to concede as much in their reply and offer to limit the proposed class as follows, should the Court find it necessary:

> All persons who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at any business that was owned, operated, and/or acquired by Defendants, who was paid on an hourly basis and *performed manual labor providing construction services*.

However, this proposed language is also overbroad to the extent it seeks to include "[a]ll persons who, at any time during the three (3) years immediately preceding the filing of this lawsuit, *worked at any business that was owned, operated, and/or acquired by Defendants*." Plaintiffs make no allegations that they worked for other companies owned, operated or acquired by defendants. Accordingly, the proposed class of opt-in plaintiffs should be further limited to: "[a]ll persons who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at Champion Glass, LLC. who was paid on an hourly basis and performed manual labor providing construction services." Although defendants also argue that the potential class of "field employees" is not "similarly situated" because defendants' field employees' duties vary from position to position, plaintiffs have sufficiently alleged that the field employees "were together the victims of a single decision, policy, or plan infected by discrimination." *Mooney*, 54 F.3d at 1214, n.8.

Having determined that a notice of collective action is appropriate in this case with respect to defendants' field employees, the Court next considers defendants' objections to the proposed notice. Defendants object to the proposed notice based on the following: 1) the notice should limit the potential class to similarly situated individuals[3]; 2) the notice should be limited to the applicable statute of limitations; 3) the notice should be sent directly to the Court, not plaintiffs' counsel; 4) the notice should contain a statement of the Court's neutrality; 5) the notice steers potential opt-in plaintiffs towards Plaintiffs' counsel instead of clearly informing them they may contact any legal counsel they choose; 6) the notice does not adequately inform potential plaintiffs of the responsibilities of being a participant; 7) the notice fails to contain defendants' basis for disputing liability; and 8) the notice fails to explain what will happen if a potential plaintiff joins and the court rules in defendants' favor.

Defendants initially contend that the notice should be limited to the two year statute of limitations, rather than the three year statute of limitations since "in the event it is found Defendants violated the FLSA, Defendants did not do so willfully and Plaintiffs have not proved otherwise." However, given the allegations that defendants recorded a forty-hour work week

---

[3]This objection was previously addressed.

regardless of the number of hours logged or worked, the Court finds the three year period to be reasonable.  Next, defendants contend that the notice should be sent directly to the Court, rather than plaintiffs' counsel, that the notice should contain a statement of the Court's neutrality, and that the notice should clearly inform the opt-in plaintiffs that they may contact any legal counsel they choose, rather than steering them to plaintiffs' counsel.  Although defendants cite to *Tolentino v. C&J Spec-Rent Servs., Inc.*, 716 F.Supp.2d 642, 655 (S.D.Tex. 2010), as authority for their position that opt-in plaintiffs should be required to return their forms directly to the court, they provide no explanation why the Court should take similar action here and more importantly, offer no plan for effectuating their proposal.  Further, although defendants object that the notice "appears to steer potential opt-in plaintiffs towards Plaintiffs' counsel," the notice specifically provides that "You are ... free to hire your own lawyer, or simply do nothing.  You do not have to join this case."  Notwithstanding any other language, this sufficiently apprises the opt-in plaintiffs that they are free to secure other counsel.  Similarly, although defendants contend language should be inserted reflecting the Court's neutrality, the proposed notice provides that "[t]he Court ... has not yet decided whether Defendants or Plaintiffs are right."  The Court finds this language sufficient.

Defendants also contend that the notice fails to contain a brief statement of defendants' bases for disputing liability. Defendants complain that the notice is one-sided and presents only plaintiffs' point of view. The Court agrees and finds that plaintiffs' proposed notice should be amended to include a brief statement by defendants regarding defendants' bases for disputing plaintiffs' claims. *See Gandhi*, 2009 WL 3427218, *3.

Lastly, defendants object that the notice does not adequately inform potential plaintiffs of the responsibilities of being a participant and fails to explain what will happen if a potential plaintiff joins the lawsuit and the Court rules in defendants' favor. However, defendants cite no authority for their position that potential plaintiffs must be apprised of their responsibilities. Further, although defendants object that the proposed notice does not explain what will happen if a potential plaintiff opts-in and the Court rules in defendants' favor, unlike the authority relied upon, defendants here make no attempt to provide the Court with language they deem acceptable. *See Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F.Supp.2d 793, 801 (E.D. La. 2007). In any event, defendants do not state how the lack of this language otherwise prejudices them. Accordingly, subject to the limitations and amendments set out, the Court recommends that the form of proposed notice be approved.

## <u>RECOMMENDATION</u>

It is the recommendation of the Magistrate Judge that the plaintiffs' motion for conditional certification be **GRANTED in part** and **DENIED in part**. (Docket no. 25). Should the District Court accept this Recommendation, plaintiffs should be ordered to limit their proposed class to field employees. Further, the proposed notice should be amended to include a brief statement by defendants regarding defendants' bases for disputing plaintiffs' claims.

### Instructions for Service and <br> <u>Notice of Right to Object</u>

The District Clerk shall serve a copy of this Memorandum and Recommendation on all parties either electronically or by mailing a copy by certified mail, return receipt requested. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), Fed.R.Civ.P., any party who desires to object to this Memorandum and Recommendation must serve and file specific written objections within 14 days after being served with a copy. ***Such party shall file the objections with the District Clerk and serve the objections on all other parties and the Magistrate Judge.*** A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days after being served with a copy shall bar that party from ***de novo*** review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of factual findings and legal

conclusions to which the party did not object, which were accepted and adopted by the District Court. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985); ***Douglass v. United Servs. Auto. Ass'n***, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED** March 27, 2013.

_____
JOHN W. PRIMOMO
UNITED STATES MAGISTRATE JUDGE

14