IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID GARCIA AND SERGIO SEATON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 5:12-cv-00703-FB-JWP |
| CHAMPION GLASS, LLC, RAYMOND LUNA, DAVID A. LUNA, AND JOSEPH A. LUNA, | § § § § | |
| Defendants. | § § | |

## DEFENDANTS' SUMMARY JUDGMENT REPLY

NOW COME Defendants Champion Glass, LLC, Raymond Luna, David A. Luna, and Joseph A. Luna (collectively "Defendants"), and submit this reply in support of their Motion for Summary Judgment ("Defendants' Motion"):

### A. Group 1 Plaintiffs' Claims Must be Dismissed

As an initial matter, Group 1 Plaintiffs' claims must be dismissed. Defendants' Motion for Summary Judgment outlines the failure of Plaintiffs Frank Aguilar, Charlie Brooke, Anthony Flores, Adolph Lopez, Michael Patlan, Michael A. Pena, Michael L. Smith, and Rudy Vela (collectively "Group 1 Plaintiffs"). In summary, Group 1 Plaintiffs submitted only improper objections and promises to supplement their interrogatory responses, and those interrogatory responses were unverified. Defendants' Motion at 6-7. Further, Group 1 Plaintiffs produced no documents responsive to Defendants' Requests for Production. *Id.* Plaintiffs' Response to Defendants' Motion for Summary Judgment ("Plaintiffs' Response") included no additional evidence in support of the Group 1 Plaintiffs' claims. Because Group 1 Plaintiffs provide no

evidence supporting their FLSA overtime claims, such claims necessarily fail and must be dismissed. *See Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 Fed. App'x 448, 456 (5th Cir. 2009) (concluding the collective action claims of employees "who have not produced *any* evidence at all" necessarily fail and were appropriately dismissed).

**B.    Remaining Plaintiffs Fail to Meet Their Burden of Proof**

An employee bringing an overtime action pursuant to the FLSA must first demonstrate he has performed work for which he alleges he was not compensated by (1) proving he performed work for which he was improperly compensated, and (2) producing sufficient evidence showing the amount and extent of that work as a matter of just and reasonable inference. *Harvill v. Westward Communications, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005) (citing *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-88 (1946)). Plaintiffs fail to meet this burden.

**1.    Plaintiffs' Travel, Preliminary Work, and Postliminary Work Not Compensable as a Matter of Law**

Plaintiffs fail to present more than a scintilla of evidence in their Response showing they performed work for which they were improperly compensated. Plaintiffs argue Defendants' Motion for Summary Judgment should be denied because there is a question of fact as to whether Plaintiffs' preliminary work, travel time to and from job sites, and postliminary work is compensable time. Plaintiffs' Response at 7. Specifically, Plaintiffs claim their preliminary work, travel time to and from job sites, and postliminary work was integral and indispensable as defined under 29 C.F.R. § 785.24 because Plaintiffs were required to be at Champion Glass's shop in the mornings, loaded materials into the truck before leaving for job sites, were required to return the truck to Champion Glass at the end of the day, and performed work after arriving back at the shop. Plaintiffs' Response at 9-12.

***Work Not Integral or Indispensable***.  The Portal-to-Portal Act relieves employers from compensating employees for "(1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and (2) activities which are preliminary to or postliminary to said principal activity or activities, which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities."  29 U.S.C. § 254(a).

Preliminary or postliminary activities are compensable if they are not specifically excluded under section 254(a)(1) and are "an integral and indispensable part of the principal activities for which covered workmen are employed." *Steiner v. Mitchell,* 350 U.S. 247, 255 (1956).  "To be 'integral and indispensable,' an activity must be necessary to the principal work performed and done for the benefit of the employer."  *Alvarez v. IBP, Inc.,* 339 F.3d 894, 902-03 (9th Cir. 2003), *aff'd*, 546 U.S. 21 (2005) (citing, *inter alia, Dunlop v. City Elec., Inc.,* 527 F.2d 394, 398 (5th Cir. 1976)).

The work Plaintiffs allege to have performed (but provide no evidence of performing)—loading the truck with which Champion Glass provided complimentary transportation to job sites—is not integral and indispensable to the principal work performed by Plaintiffs, because it is not necessary to the work performed by Plaintiffs.  When asked about their job responsibilities, Plaintiffs David Garcia and Sergio Seaton listed tasks such as installation of glass and aluminum products. App. 493, 507.  At no time did either Plaintiff state loading the truck with supplies was part of their job responsibilities.

Testimony by Champion Glass supervisors confirms loading supplies into trucks was not part of the Plaintiffs' job responsibilities.  Rather, service workers at the Champion Glass shop

were charged with delivery of items to job sites, and supervisors made sure they had any miscellaneous supplies necessary before going to the job site for the day. App. 004, 519-523. Supervisor Johnny Cantrell testified delivery drivers ensured supplies made it on to job sites, but if he determined his crew needed something, he was responsible for taking it to the site with him, though most of the time no loading was necessary. App. 526-527. Supervisor Paul DeHoyos testified that while shop guys were charged with loading supplies, occasionally employees would provide him the courtesy of grabbing small amounts of supplies before they left, taking no more than five minutes of their time. App. 530-532. Supervisor Clifford Moczygemba likewise testified that on occasion, employees would volunteer to grab supplies for him if necessary. App. 535-537. Such testimony negates Plaintiffs' claim that the work they allegedly performed at the beginning and end of the day was "integral and indispensable" to their principal activities, such that they should be compensated for the same.

Plaintiffs cite to an unpublished and unpersuasive order, *Anthony Cantu, et al. v. Milberger Landscaping, Inc.*, No. SA-13-CA-731, 2014 WL 1413528 (W.D. Tex. April 10, 2014), in support of their arguments. But Plaintiffs' reliance on *Milberger* is misplaced. In *Milberger*, the employees were required to report to their base office for instructions and other tasks, before utilizing company-provided transportation. *Id.* at *1. As discussed extensively in Defendants' Motion and below, Plaintiffs were not required to report to the Champion Glass shop in the morning, nor were they required to utilize company-provided transportation. Further, in *Milberger*, the employer testified that after the employees returned at the end of the day, they were charged with performing several substantial tasks. *Id.* at *3. Here, Defendants have offered no such testimony, and Plaintiffs have provided no evidence proving compensable work was performed at the end of the workday after return to the Champion Glass shop.

Plaintiffs and the court in *Milberger* heavily rely on the Department of Labor's regulation 29 C.F.R. § 785.38, stating that under the regulation, if an employee "'picks up or carr[ies] tools' before or after traveling to a job site, that travel time is compensable working time." Plaintiffs' Response at 9 (quoting *Milberger,* 2014 WL 1413528 at *7).  But review of the regulation cited shows that in order for that picking up or carrying of tools to be compensable, Plaintiffs must have been "**required** to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools[.]"  *See* 29 C.F.R. § 785.38.  Again, Plaintiffs were not required to report to the Champion Glass shop; rather, they were given the option of doing so if they desired to take advantage of Champion Glass's complimentary transportation to the job site. Defendants' Motion at 5-6.

As discussed in Defendants' Motion, Plaintiffs' circumstances are highly analogous to those in *Johnson v. RGIS Inventory Specialists,* 554 F. Supp. 2d 693 (E.D. Tex. 2007).  There, Plaintiff Johnson filed suit under the FLSA, alleging her travel time in a company van was compensable because the travel was a principal activity of her work, and she loaded equipment into the company van before it left each morning. *Id.* at 703. The court dismissed Johnson's FLSA overtime claims, noting use of RGIS's transportation was voluntary, and Johnson was not required to report to the meeting site to receive work-related instructions, to pick up and carry equipment, or to perform other work. *Id.* at 704-05.  The same is true here.

Loading supplies was not integral and indispensable to Plaintiffs' duties, and in fact was the responsibility of service workers and supervisors, who would have ensured said supplies were transported to the job sites regardless of the Plaintiffs' presence.  Further, to the extent one or more plaintiffs loaded tools before traveling to the job site, such actions were incidental and did not constitute principal activities counting as hours worked.  *See Buzek v. Pepsi Bottling*

*Group, Inc.,* 501 F. Supp. 2d 876, 886 (S.D. Tex. 2007) (stating "end-of-day reports and transportation of tools are activities incidental to his use of a company vehicle for commuting" and, thus, "[t]ime spent on these activities … is … not compensable under the FLSA"). Based on all of the above, the work Plaintiffs allege to have performed without proper compensation is not integral and indispensable to the Plaintiffs' principal activities, and is therefore not compensable under the FLSA and Portal-to-Portal Act.

*Travel Not Compensable*. Champion Glass provided complimentary transportation from the Champion Glass shop to job sites. App. 003, 007. Employees were not required to utilize company transportation, and many opted to take their personal vehicles directly to the job site at which they were working. App. 003, 007. Because any alleged work performed was not integral or dispensable, Plaintiffs' travel to and from job sites via complimentary transportation provided by Champion Glass was not compensable under the Portal–to–Portal Act. 29 U.S.C. § 254(a).

Although Plaintiffs state in their Response that employees were required to report to the Champion Glass shop and to utilize the company-provided transportation, their own testimony points to the contrary. First, Plaintiff Garcia testified he was never ordered to appear at the Champion Glass shop at 6:30 a.m.; rather, it was an "understanding." App. 495. Garcia even testified that in a meeting, Joe Luna stated, "Hey, guys, it's not my job to take you to the jobsite, it's not my job to get you to work[.]" App. 494. Further, while Garcia may have always reported to the shop to utilize company transportation, his deposition testimony makes reference to employees who reported straight to job sites, in keeping with Champion Glass's policy that transportation to job sites was optional. App. 495-496.

Similarly, Plaintiff Seaton's testimony proves employees were not required to utilize company-provided transportation. Seaton testified that Joe Luna stated in company meetings

that those who needed a ride should be at the shop by 6:30 a.m., necessarily implying that those who did not need a ride were not required to report to the Champion Glass shop. App. 516. Seaton admitted some employees drove themselves to job sites, and that of those employees who did report to the Champion Glass shop, many did not have driver's licenses, such that they required transportation. App. 509-510; *see also* App. 003, 007 (statements by Defendants Raymond Luna and Joe Luna that Champion Glass provides optional, complimentary transportation from the Champion Glass shop to job sites because many of its Field Employees do not have valid driver's licenses or reliable transportation). Finally, Seaton also admitted he occasionally drove himself to job sites. App. 508.

    **2.    Plaintiffs' Summary Judgment Evidence is Insufficient to Raise Issues of Material Fact Precluding Summary Judgment**

Even were the work performed by Plaintiffs compensable, they have failed to provide sufficient evidence showing the amount and extent of that work as a matter of just and reasonable inference.

The interrogatory and request for production responses offered by Plaintiffs Jesus Aguilar, Jr., Johnny Alvarez, Gilbert Galvan, David Garcia, Randolph Jamison, Antonio Lopez, Jr., Jesus Ramirez, Sergio Seaton, and Thomas A. Willis (collectively "Group 2 Plaintiffs") are insufficient to defeat summary judgment. As discussed in Defendants' Motion, when asked to produce information supporting their overtime claims, the Group 2 Plaintiffs instead provided only unsubstantiated assertions and conclusory allegations, generally claiming they are entitled to pay for travel to and from job sites, as well as undefined "preliminary" and "postliminary" activities. Defendants' Motion at 6-7. Similarly, Group 2 Plaintiffs failed to produce any evidence in response to Defendants' requests for production supporting their overtime claims, and instead promised to supplement. *Id*.

Further, none of the Plaintiffs, including Garcia and Seaton, provided evidence of damages, an essential element of a FLSA overtime claim. *See Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 319 (5th Cir. 2013) (granting employer's summary judgment based on plaintiffs' failure to provide evidence of their damages during discovery or timely designate a damages expert). Plaintiffs attempt to meet this requirement by arguing they "have made it clear that they are owed at least five (5) hours of overtime for each week that they were employed with Defendants." Plaintiffs' Response at 14. But such a statement is clearly insufficient. *See Ihegword v. Harris County Hosp. Dist.,* 929 F. Supp. 2d 635, 668 (S.D. Tex. 2013) *aff'd*, No. 13-20186, 2014 WL 545441 (5th Cir. Feb. 12, 2014) (finding general statements by Plaintiff that "to the best of her memory" she worked twelve hours of unpaid overtime per week, were not sufficient to raise a genuine issue of material fact for trial).

Plaintiffs were provided complete sets of their payroll records in response to their Requests for Production, from which they could have developed a damages calculation and estimate. But Garcia and Seaton admitted they had not made any such attempts. Seaton testified that despite access to the payroll records, he had "no idea" of the number of hours for which he believes he is owed, and had not taken the time to calculate his damages, but believes he is "owed thousands." App 511-513. And while Plaintiffs' Response states they "have made it clear they are owed at least five (5) hours of overtime for each week that they were employed with Defendants," Seaton testified "it's hard to say" how many overtime hours he worked, but that it could vary from three to five hours a week. App. 511.

Garcia similarly testified that while his attorney had access to his timesheets produced by Defendants, he did not review all of them in order to determine the amount of overtime owed. App. 497-500. When asked how many hours he was owed, he first stated he "was probably short

about 130 hours," but then stated "I don't know [the number] right off the top of my head[.]" App. 498-500. And though Garcia claimed to have worked on some calculations regarding the amount of overtime owed him, he admitted he failed to produce his notes reflecting those calculations, and had no evidence to support his claims. App. 501.

Beyond Garcia's and Seaton's deposition testimony, Plaintiffs have provided no evidence of damages. Further, the deposition testimony offered by Garcia and Seaton provides no evidence generally supporting all of the Plaintiffs' claims, and in fact, does not even reasonably support their own. "[U]nsubstantiated and speculative estimate of uncompensated overtime does not constitute evidence sufficient to show the amount and extent of that work as a matter of just and reasonable inference." *Ihegword*, 929 F. Supp. 2d at 668. As Plaintiffs are unable to provide evidence showing the amount and extent of that work as a matter of just and reasonable inference, their claims should be dismissed. *See id.; see also Warfield v. Byron,* 436 F.3d 551, 557 (5th Cir. 2006) (stating nonmovant's burden not satisfied by "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence"); *Little v. Technical Specialty Products, LLC,* 940 F. Supp. 2d 460, 471 (E.D. Tex. 2013) (finding Plaintiff's handwritten timesheets and paychecks were insufficient to allow a just and reasonable inference of the hours Plaintiff worked because they did not "demonstrate the hours worked by Plaintiff and which hours Plaintiff was compensated for, and those which he was not compensated for").

C. **Defendants Offer Evidence of the Precise Amount of Work Performed, Negating the Reasonableness of the Inference From Plaintiffs' Evidence**

As Plaintiffs have failed to meet their burden of proof, Defendants are not required to assume the burden of producing evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. *See Harvill,* 433 F.3d at 441 (citing *Anderson,* 328 U.S. at 687-88) (stating burden

shifts to employer once employee meets his initial burden). However, should the Court determine Defendants must produce evidence of the precise amount of work performed, it is able to do so.

The select sample timesheets provided by Plaintiffs, which are neither for consecutive days nor provided in date order, conveniently support their argument that time was always recorded as 7:00 a.m.-3:30 p.m.  *See* Plaintiffs' Response, Exhibit H. However, review of a set of consecutive timesheets, rather than just selected days, shows that while a typical day for each Plaintiff was 7:00 a.m. to 3:30 p.m., there were in fact many days on which these hours varied. *See, e.g.,* App. 538-632.[1]  Review of the payroll records included in Defendants' Supplemental Appendix to this Reply evidence Defendants' maintenance of time records, and negative the reasonableness of the inference Plaintiffs wish this Court to draw from the evidence Plaintiffs produced.[2]

### D.   Claims Against Raymond Luna, David Luna, and Joe Luna Should be Dismissed

Finally, should the Court decline to dismiss Plaintiffs' claims in full, Plaintiffs' claims against Defendants Raymond Luna and David Luna should be dismissed.  Plaintiffs have offered no evidence supporting a violation by either individual defendant.  Further, both Plaintiff Garcia and Plaintiff Seaton admitted they never spoke to Raymond Luna or David Luna regarding their overtime allegations.  App. 501-503, 514.  Without more, the claims against Raymond and David Luna should be dismissed.  *See Harvill,* 433 F.3d at 441 (summary judgment appropriate where no evidence charged employer knew about overtime claims).

---

[1] Defendants produced over 4,000 pages of payroll records to Plaintiffs.  However, for the sake of efficiency, and in light of the fact that only Plaintiffs Garcia and Seaton produced any evidence in support of their claims, Defendants include excerpts from Plaintiff Garcia's and Plaintiff Seaton's payroll records, spanning a two-month period.  *See* App. 538-632.

[2] To the extent Plaintiffs' now attempt to raise a claim that Champion Glass does not properly maintain its payroll records, such a complaint was not properly plead and should be disregarded.  *See Cutrera v. Board of Supervisors of Louisiana State University,* 429 F.3d 108, 113 (5th Cir. 2005).

## Conclusion

Wherefore, premises considered, Defendants pray their Motion for Summary Judgment be granted, and respectfully request Plaintiffs' claims be dismissed with prejudice, and that Defendants be awarded their costs of court and any other relief to which they are entitled.

Respectfully submitted,

**The Rosenblatt Law Firm, P.C.**
16719 Huebner Road, Bldg. 1
San Antonio, Texas 78248
Telephone:  (210) 562-2900
Facsimile:   (210) 562-2929

By: /s/ Tiffanie S. Clausewitz
    James D. Rosenblatt
    State Bar No. 00788320
    Email:  james@rosenblattlawfirm.com
    Tiffanie S. Clausewitz
    State Bar No. 24051936
    Email:  tiffanie@rosenblattlawfirm.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2014, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system which will serve as notice of filing to the electronic mail Notice List.

/s/ Tiffanie S. Clausewitz
Tiffanie S. Clausewitz
